IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| ANA C. AGUILAR, | § | CIV. ACTION NO. _3:21-cv-86_ |
|---|---|---|
| Plaintiff, | § | |
| v. | § | |
| SKECHERS USA, INC., | § | |
| Defendant. | § | |
| | § | JURY TRIAL DEMANDED |

**EXHIBIT 1 TO DEFENDANT'S NOTICE OF REMOVAL:
DEFENDANT'S INDEX**

COMES NOW Skechers U.S.A., Inc. files Exhibit 1 to Defendant's Notice of Removal, as required by the local rules. No orders have been signed by the state court Judge (see LR 81(3)):

| DESCRIPTION | E-FILING DATE | EXHIBIT NO. |
|---|---|---|
| Plaintiff's Original Petition | March 3, 2021 | 1-A |
| Service Returned | March 15, 2021 | 1-B |
| Defendant's Answer | April 1, 2021 | 1-C |

# EXHIBIT 1-A

Filed for Record
9/3/2021 12:00 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
111730-CV
Jody Stutts, Deputy

CAUSE NO. 111730-CV _____

| | | |
|---|---|---|
| ANA C. AGUILAR<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | BRAZORIA COUNTY, TEXAS |
| SKECHERS U.S.A., INC.<br>*Defendant* | §<br>§ | _____JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ANA C. AGUILAR complaining of Defendant, SKECHERS U.S.A., INC., referred to as "Defendant", and for cause of action Plaintiff would respectfully show unto the Court and Jury the following:

### **I. DISCOVERY CONTROL PLAN**

1. Pursuant to TEX. R. CIV. P. 190, discovery in this case is intended to be conducted under level 2.

### **II. PARTIES**

2. Plaintiff is a resident citizen of Harris County, Texas.

3. Defendant SKECHERS U.S.A., INC. is a Foreign For-Profit Corporation registered to do business in the State of Texas and may be served with process by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

### **III. VENUE & JURISDICTION**

4. Plaintiff would show that venue is proper in Brazoria County, Texas under the provisions of Tex. Civ. Prac. & Rem. Code, Ch. 15, §15.001, et seq., because all or a substantial

part of the events or omissions giving rise to the suit occurred in Brazoria County, Texas and because the Defendant conducts business in Brazoria County, Texas.

## IV.  FACTS OF CASE

5. It has become necessary to bring this lawsuit by reason of injuries and damages suffered by Plaintiff, on or about May 25, 2019, while an invitee at the Skechers store owned and operated by the Defendant and located at 2730 Smith Ranch Road, Pearland, Texas, was walking on the tiled, highly waxed floor and slipped and fell. Defendant did not provide a carpeted area to try on merchandise when they knew, or in the exercise of reasonable care should have known, that invitees would be trying on merchandise and walking throughout the store. Plaintiff suffered injuries to her body generally and specifically multiple injuries to her leg.  At all times material hereto, the subject premises were owned and/or operated by Defendant.

6. As a business invitee, Defendant owed Plaintiff a duty to exercise ordinary care to prevent her from getting injured by dangerous conditions or activities on their premises of which they knew or, in the exercise of reasonable care, should have known.  Further, said Defendant failed to properly inspect and maintain the premises and failed to remedy and/or warn of said dangerous condition.

## V.  CAUSES OF ACTION

7. Plaintiff brings this suit against Defendant as a result of injuries and damages she suffered as a result of the negligent acts and/or omissions of Defendant through their employees acting in the course and scope of their employment, which is inclusive of, but is not limited to, the following:

   a) In failing to properly provide a carpeted area to try on merchandise;

   b) In failing to make sure to warn invitees walking in the premises of the dangerous condition;

    c)      In failing to continually have the flooring inspected for dangerous conditions;

    d)      In failing to remedy the dangerous condition that it knew of, or in the exercise of ordinary care, should have known was present on the premises;

    e)      In creating a dangerous condition that it knew of, or in the exercises of ordinary care, should have known was present on the premises;

    f)      In failing to warn persons similarly situated to your Plaintiff, including your Plaintiff, of the dangerous condition located on said premises;

    g)      In failing to supervise and/or train employees;

    h)      In failing to warn of looming danger;

    i)      In allowing the dangerous activity of patrons walking in their store without properly providing a carpeted area to try on merchandise to prevent a slippery, dangerous condition; and

    j)      In more particularity to be shown at trial.

8.    Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent and constituted negligence and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by your Plaintiff. All acts and omissions of the employees of Defendant are attributable to the Defendants under the legal theory of Respondeat Superior.

9.    All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

## VI. DAMAGES

10.    Plaintiff has been damaged as a result of the occurrence made the basis of this lawsuit and the negligence of the Defendant. Plaintiff has suffered all legal elements of damages recognized by law, including, without limitation, physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, loss of earnings and

earning capacity and has incurred reasonable and necessary medical bills and expenses and will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause.

11. Accordingly, Plaintiff maintains this suit against Defendant for the foregoing legal elements of damages in an amount within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of a jury, plus pre-judgment and post-judgment interest, over $200,000.00 but less than $1,000,000.00.

## JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial hereof, she have judgment as prayed for against Defendant; that she have pre-judgment interest on said judgment as authorized by law; interest on said judgment at the legal rate from date of entry until paid; cost of court; and all such other and further relief, general or special, legal or equitable, to which she may show herself justly entitled and for which she will ever pray.

Respectfully submitted,

SANES & LARKIN LAW FIRM, LLP

*/s/ Scott A. Sanes*
Scott A. Sanes
State Bar No. 17630600
Pearland Town Center -Offices East
11200 Broadway, Suite 2705
Pearland, TX 77584
713-799-8400 Telephone
888-328-7060 Facsimile
Email: scott@saneslarkin.com
**ATTORNEY FOR PLAINTIFF**

4

# EXHIBIT 1-B

Service I.D. No. 197372

## CAUSE NO. 111730-CV
## 412th District Court

THE STATE OF TEXAS

CITATION

TO: **Skechers U.S.A., Inc.**
**By Serving its Registered Agent**
**Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701**

Defendant

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **412th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **3rd day of March, 2021.** It bears Cause No. **111730-CV** and Styled:

**Ana C. Aguilar**
**vs.**
**Skechers U.S.A., Inc.**

The name and address of the Attorney filing this action (or Party, if Pro Se) is **Scott A. Sanes, Sanes & Larkin Law Firm, LLP, Pearland Town Center - Offices East, 11200 Broadway, Suite 2705, Pearland, TX 77584.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **4th day of March, 2021.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____Jody Stutts_____, Deputy
Digitally signed by Jody Stutts
Date: 2021.03.04 09:29:48 -06'00'
Jody Stutts



*AFFIDAVIT*
*ATTACHED*

**Original**

Citation by Registered Agent

## AFFIDAVIT OF SERVICE

**State of Texas**  **County of Brazoria**  **412th Judicial District Court**

Case Number: 111730-CV

Plaintiff:
**ANA C. AGUILAR**

vs.

Defendant:
**SKECHERS U.S.A., INC.**

Received these papers on the 8th day of March, 2021 at 5:26 pm to be served on **SKECHERS U.S.A., INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Thomas Kroll, being duly sworn, depose and say that on the **9th day of March, 2021 at 9:30 am, I:**

hand delivered a true copy of this **Citation together with Plaintiff's Original Petition** to **SKECHERS U.S.A., INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY,** by and through its designated agent, **SAMANTHA GUERRA,** at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 9th day of March, 2021 by the affiant who is personally known to me.

**Thomas Kroll**
PSC - 3012, Exp. 8/31/2021

NOTARY PUBLIC

Helen Broussard
My Commission Expires
11/04/2023
ID No 130429927

Our Job Serial Number: THP-2021000928
Ref: 5422404

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z



# EXHIBIT 1-C

Filed for Record
4/1/2021 4:23 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
111730-CV
Kristi Gisentaner, Deputy

**Cause No. 111730-CV**

| | | |
|---|---|---|
| **ANA AGUILAR,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **BRAZORIA COUNTY, TEXAS** |
| | § | |
| **SKECHERS U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | **412th JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant SKECHERS U.S.A., INC. ("Defendant") files this Original Answer to Plaintiff Ana Aguilar's Original Petition and states as follows:

### I.
### GENERAL DENIAL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 92, Defendant denies each and every, all and singular, material allegations contained in Plaintiff's Original Petition, and any supplements or amendments thereto, and demands strict proof of each and every allegation by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses to Plaintiff's Original Petition (and any supplements or amendments thereto), but it does not assume the burden of proof on any such defenses, except as otherwise required by law. Defendant reserves the right to assert additional defenses and to otherwise supplement or amend its Answer. Each of these defenses are pled in the alternative, as all liability is denied.

1. The incident at issue and any alleged injuries or damages asserted by Plaintiff, arise not from any act or omission of Defendant, but rather were caused, proximately or otherwise, and/or

contributed to by the acts, omissions, and/or negligence of others over whom this Defendant had

no authority and is not in law responsible. Such acts, omissions, and/or negligence were the sole cause, proximate cause, producing cause, contributing cause, intervening cause, superseding cause, and/or were new and independent causes of the incident at issue and any injuries or damages asserted by Plaintiff.

2.     Defendant invokes all applicable provisions and rights embodied in Chapter 33 of the Texas Civil Practice and Remedies Code, including but not limited to, the provisions and requirement that the jury determine the percentage of responsibility, stated in whole numbers, for each claimant, each defendant, each settling person, and each responsible third-party, with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act of omission, by other conduct or activity that violates an applicable legal standard.

3.     Defendant invokes all protections and limitations contained in Section 18.091 of the Texas Civil Practice and Remedies Code, requiring Plaintiff to present such evidence to prove alleged losses in the form of a net loss after reduction for income tax payments or unpaid tax liability, pursuant to any federal income tax law. Defendant further requests that the Court instruct the jury that such recovery sought by Plaintiff is not subject to federal income taxes.

4.     Defendant invokes all protections and limitations provided by Chapter 41 of the Texas Civil Practice and Remedies Code, including the right to have the Plaintiff's recovery of medical or healthcare expenses, if any, limited to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code § 41.0105.

5.     Plaintiff's claim for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, and/or by Plaintiff's acts of negligence.  The same may constitute negligence *per se*, and Defendant requests that the jury be

so instructed.

6.      Defendant invokes the provisions and limitations under Texas Rule of Civil Procedure 193.7, including, but not limited to, use of any and all documents produced during discovery, against Plaintiff and any other party, at any pre-trial proceeding and/or trial without the necessity of authenticating the document, unless within ten days or the time ordered by the court, after the producing party has actual notice that the document will be used, the Plaintiff or other party objects to the authenticity of the document, or any part of it, stating on the record or in writing the specific basis of objection, if said objection is factually and legally based in a good faith.

## REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## PRAYER

Defendant prays that Plaintiff take nothing by way of her claims, and that this Court grant Defendant its attorneys' fees, costs and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendant may be justly entitled.

Respectfully submitted,

By:     */s/ Laura E. De Santos*_____
        **Laura E. De Santos**
        State Bar No. 00793612
        ldesantos@grsm.com
        **Megan M. Mitchell**
        State Bar No. 24073504
        mmmitchell@grsm.com
        1900 West Loop South, Suite 1000
        Houston, TX 77027
        (713) 961-3366 (Telephone)
        (713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANT
SKECHERS U.S.A., INC.**

## CERTIFICATE OF SERVICE

  I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the attorney of record for Plaintiff in accordance with the Texas Rules of Civil Procedure on **April 1, 2021**:

Scott A. Sanes
Sanes & Larkin Law Firm, LLP
Pearland Town Center –Offices East
11200 Broadway, Suite 2705
Pearland, TX 77784
scott@saneslarkin.com

              */s/ Megan M. Mitchell*
              Megan M. Mitchell

SKECH/1232585/57350810v.1